**Sheri Young MCGLOTHEN, Plaintiff–Appellant,**

v.

**SONY ELECTRONICS, INC. Defendant–Appellee.**

No. 01–56909.

D.C. No. CV–99–09098–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Sheri Young McGlothen appeals *pro se* the district court's denial of her motion for relief from judgment under Fed.R.Civ.P. 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's denial of relief under Rule 60(b). *DeSaracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir. 2000). McGlothen did not timely appeal the denial of her motion to set aside the November 1999 judgment under Fed. R.Civ.P. 60(b)(3), so we do not review that denial. Fed. R.App. P. 4(a)(1)(A). McGlothen's motion under Rule 60(b)(6) was based upon the same fraud and misconduct allegations as her previously denied Rule 60(b)(3) motion, and thus the district court did not abuse its discretion in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Plaintiff's motion requesting oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

denying this motion. *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1338 (9th Cir.1986) (motions under Rule 60(b)(6) "must be based on grounds other than those listed in the preceding clauses.").

Sony's request for sanctions and for a vexatious litigant order are DENIED.

AFFIRMED.